Jared C. Kimball, ISB No. 5491
LAWSON LASKI CLARK, PLLC
675 Sun Valley Road, Suite A
Post Office Box 3310
Ketchum, Idaho  83340
Telephone: (208) 725-0055
Facsimile: (208) 725-0076
jck@lawsonlaski.com
efiling@lawsonlaski.com

Attorneys Plaintiffs.

UNITED STATES DISTRICT COURT

FOR THE STATE OF IDAHO

| | |
|---|---|
| GERARD J. HART, solely in his capacity as Trustee of the GERARD AND HEATHER HART LIVING TRUST dated February 28, 2014, and HEATHER ANN HART, solely in her capacity as Trustee of the GERARD AND HEATHER HART LIVING TRUST dated February 28, 2014,<br><br>Plaintiffs,<br><br>vs.<br><br>LEGENDS DEVELOPMENT COMPANY, a Wyoming corporation; and GARY J. ENGMAN, an individual,<br><br>Defendants. | Case No. 1:22-cv-00323-CWD<br><br><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO WITHDRAW** |

COMES NOW, GERARD J. HART, solely in his capacity as Trustee of the GERARD AND HEATHER HART LIVING TRUST dated February 28, 2014, and HEATHER ANN HART, solely in her capacity as Trustee of the GERARD AND HEATHER HART LIVING TRUST dated February 28, 2014 ("Plaintiffs" or "the Trust"), by and through its attorneys, Jared C. Kimball of the firm LAWSON LASKI CLARK, PLLC, hereby submits *Plaintiffs' Response to Defendants' Motion to Withdraw.*

I.   ARGUMENT AND AUTHORITIES

Defendants have filed a *Motion to Withdraw as Counsel of Record*, (hereinafter "Motion to

Withdraw") (*See* ECF Docket # 21, filed December 15, 2022). In the Motion to Withdraw, Defendants cite District Local Rule Civ 83.6(c) in support of the Motion to Withdraw and in noting that " . . . the attorney client relationship has suffered an irretrievable breakdown and counsel can no longer continue to representation in this matter". *See id,* at p. 1.

Plaintiff notes generally that District Local Rule Civ 83.6(c) provides:

**(c) Withdrawal.**

> (1) No attorney of record who is the sole representative for a party may withdraw from representing that party without leave of the Court. ***Before an attorney is to be granted leave to withdraw, the attorney must present to the Court a proposed order permitting the attorney to withdraw and directing the client to appoint another attorney to appear, or to appear in person by filing a notice with the Court stating how the party will be represented***. After the Court has entered such order, the withdrawing attorney must forthwith and with due diligence serve all other parties.
>
> (2) The order shall provide that the ***withdrawing attorney must continue to represent the client until proof of service of the withdrawal order on the client has been filed with the Court.*** The client will be allowed twenty-one (21) days after the filing of proof of service by the attorney(s) to advise the Court in writing in what manner the client will be represented. If the said party fails to appear in the action, either in person or through a newly appointed attorney within such twenty-one (21) day period, such failure will be sufficient grounds for the entry of a default against such party or dismissal of the action of such party with prejudice and without further notice, which shall be stated in the order of the Court.
>
> (3) If the party represented by the withdrawing attorney is a corporation, or other entity, the order must advise the entity that it cannot appear without being represented by an attorney in accordance with Dist. Idaho Loc. Civ. R. 83.4(d).
>
> (4) Upon entry of the order and the filing of proof of service on the client, no further proceedings can be had in the action which will affect the right of the party represented by the withdrawing attorney for a period of twenty-one (21) days.

*Id.* (Emphasis added).

Plaintiffs have reviewed ECF/PACER and it does not appear that Defendants have provided a proposed Order to compliment the Motion to Withdraw and in alignment with District Local Rule Civ 83.6(c).

Plaintiffs must also note that in the brief pendency of this case this is the *second* such Motion to Withdraw filed by Defendants' with their previous counsel having also sought leave to withdraw, and in

filing a Notice of Substitution which was granted by the Court. *See generally*, ECF #'s 9, 10, and 13, respectively.

Plaintiffs have noticed up the ***Deposition of Gary J. Engman*** for December 29, 2022 at 0900 (via Zoom). *See* ECF # 20, filed December 5, 2022. Plaintiffs are therefore preparing for Defendant Gary J. Engman's deposition and will expect to conduct that deposition as scheduled and as agreed by the Defendants.

## II. CONCLUSION

Plaintiffs' reading of District Local Rule Civ 83.6(c) appears to confirm that current counsel for Defendants will remain as such pending a proposed Order being filed with the Court and pending future review and potential action by the Court such that " . . the withdrawing attorney must continue to represent the client until proof of service of the withdrawal order on the client has been filed with the Court." *Id.*

Respectfully submitted.

DATED:   December 21, 2022.

**LAWSON LASKI CLARK, PLLC**

By: *(signature)*

Jared C. Kimball
Attorney for Plaintiffs