UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERARD J. HART, solely in his capacity as Trustee of the GERARD AND HEATHER HART LIVING TRUST dated February 28, 2014, and HEATHER ANN HART, solely in her capacity as Trustee of GERARD AND HEATHER HART LIVING TRUST dated February 28, 2014<br><br>    Plaintiffs,<br><br>  v.<br><br>LEGENDS DEVELOPMENT COMPANY, a Wyoming corporation, and GARY J. ENGMAN, an individual,<br><br>    Defendants. | Case No. 1:22-cv-00323-CWD<br><br>**MEMORANDUM DECISION AND ORDER (DKT. 42)** |

**INTRODUCTION**

Before the Court is Defendants' Motion to Set Aside Default.  (Dkt. 42.)  The parties have fully briefed the motion and it is ripe for the Court's consideration.  Having reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs.  Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be aided by oral argument,

**MEMORANDUM DECISION AND ORDER - 1**

the motion will be decided on the record presently before the Court.  Dist. Idaho L. Rule

7.1(d).  For the reasons that follow, the Court will grant Defendants' motion.

## BACKGROUND

Plaintiffs Gerard J. Hart and Heather Ann Hart, solely and in each of their capacity

as Trust of the Gerard and Heather Hart Living Trust (jointly, "Plaintiffs"), filed this

action on June 28, 2022, in the District Court of the Fifth Judicial District of the State of

Idaho, in and for Blaine County, alleging breach of contract, breach of implied duty of

good faith and fair dealing, violation of the Idaho Property Condition Disclosure Act,

(Idaho Code § 55-2502, *et seq*), violation of the Idaho Consumer Protection Act, (Idaho

Code § 48-603(17)), fraud, and recission.  (Dkt. 1-1.)

Legends Development Corporation and Gary Engman (jointly, "Defendants")

were served the Summons and Complaint on July 1, 2022.  (Dkt. 1-4.)  On July 29, 2022,

Defendants removed the action to this Court, with Samuel Linnet appearing on

Defendants' behalf.  (Dkt. 1-6.)  Shortly thereafter, on August 5, 2022, Defendants filed

their answer to Plaintiffs' complaint.

On August 29, 2022, Mr. Linnet filed a motion to withdraw as attorney for

Defendants.  (Dkt. 9.)  On September 6, 2022, attorney Bren Mollerup filed a notice of

substitution and entered an appearance on behalf of Defendants.  (Dkt. 10.)  On

September 8, 2022, the Court granted the motion to withdraw, pursuant to the notice of

substitution.  (Dkt. 13.)  Thereafter, the parties exchanged their initial disclosures.  (Dkts.

18, 19.)  On December 5, 2022, Plaintiffs served their notice of video deposition of Gary Engman on Defendants' counsel, scheduled for December 29, 2022.  (Dkt. 20.)

On December 15, 2022, Mr. Mollerup filed a motion to withdraw as attorney for Defendants.  (Dkt. 22.)  On December 21, 2022, the Court granted the motion to withdraw and ordered Defendants to, within twenty-one days after the withdrawing attorney advised the Court that the withdrawal order been served on Defendants, advise the Court in writing as to what manner Defendants would be represented.  (Dkt. 23.)  On December 27, 2022, Mr. Mollerup filed an affidavit of service, stating that, on December 22, 2022, his office sent to Defendants a copy of the Court's order for withdrawal by email, regular mail, and certified mail return receipt requested.  (Dkt. 24.)[1]

On January 18, 2023, Plaintiffs filed a motion for entry of default, given the twenty-one-day period had elapsed without Defendants filing as to their representation. (Dkt. 26.)  On January 19, 2023, the Clerk entered default.  (Dkt. 27.)  On January 25, 2023, Plaintiffs filed a motion for default judgment.  (Dkt. 28.)  The Court scheduled an evidentiary hearing on the motion for March 8, 2023.  (Dkt. 32.)

On March 6, 2023, Thomas Lloyd III filed a notice of appearance on behalf of Defendants.  (Dkt. 37.)  The parties also stipulated to continue the evidentiary hearing on the motion for default judgment.  (Dkt. 39.)  On March 10, 2023, Defendants filed the present motion seeking to set aside default.

---

[1] The record does not include any indication of whether these notices were received by Defendants.

**MEMORANDUM DECISION AND ORDER - 3**

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause."  Courts have broad discretion in deciding whether to vacate an entry of default.  *Mendoza v. Wight Vineyard Mgmt.*, 782 F.2d 941, 345 (9th Cir. 1986); *Ricotta v. California*, 4 F. Supp. 961, 988 (S.D. Cal. 1998).  In assessing whether good cause exists, the Court considers three factors:

> (1) whether [defendant] engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [plaintiff]. As these factors are disjunctive, the district court [is] free to deny the motion 'if any of the three factors [is] true.'

*Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)); *see also In re Hammer*, 940 F.2d  254, 525-26 (9th Cir. 1991) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

It is Defendants' burden to establish that good cause to vacate the entry of default exists.  *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled in part on other ground by Egelhoff v. Egelhoff ex rel. Breiner*. 532 U.S. 141, 149 (2001).  The Ninth Circuit has held that "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)."  *Franchise Holding II*, 375 F.3d at 925 (citing *TCI Grp.*, 244 F.3d at 696).

**MEMORANDUM DECISION AND ORDER - 4**

The Court "should apply the factors more liberally" when assessing a motion to set aside an entry of default rather than a motion to set aside default judgment. *Page v. Banks*, No. 07cv2254 JM(BLM), 2008 WL 2037763, at *2 (S.D. Cal. May 12, 2008) (citing *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). Ultimately, there is a strong preference for deciding cases on the merits, and therefore any doubts should be resolved in favor of setting aside the default. *Direct Mail Specialists v. Eclat Computerized Techs.*, 840 F.2d 685, 690 (9th Cir. 1988).

### DISCUSSION

Defendants contend that good cause exists to set aside the Clerk's entry of default, because each of the relevant "good cause" factors are satisfied." (Dkt/ 42-12 at 3-6.)  The Court will address each of these factors in turn.

### 1. Defendants did not engage in culpable conduct.

First, Defendants argue that they did not engage in "culpable conduct," because the failure to obtain new counsel within the ordered time was not "devious, deliberate, willful, or [in] bad faith." (Dkt. 42-1 at 4.)  Plaintiffs counter that Defendants' "sophistication in the court system" undermines the contention that Defendants' failure to obtain new counsel within the ordered twenty-one-day period, thereby incurring the entry of default, was "neglectful failure." (Dkt. 45 at 5.)

As the Court has previously recognized, there are two lines of caselaw in the Ninth Circuit as to the correct standard for evaluating the "culpable conduct" factor.  According to the *TCI Group* standard, "a defendant is culpable if he has received actual or

constructive notice of filing the action and intentionally failed to answer." *Garner v. Wells Fargo Home Mortg., Inc.*, No. 1:10-CV-266-BLW, 2011 WL 241384, at *2 (D. Idaho June 9, 2011) (quoting *TCI Grp.*, 244 F.3d at 697) (9th Cir. 2001)).  *TCI Group* indicates that "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process" is not intentional and should not necessarily be considered culpable conduct." *Garner*, at *2 (quoting *TCI Grp.*, 244 F.3d at 697-98).  Rather, a defendant's conduct should be deemed culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.  *Garner*, at *2 (quoting *TCI Grp.*, 244 F.3d at 698).

The Court's second line of cases follow *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004), providing that, "if a defendant has received actual or constructive notice of an action and fails to answer, this conduct alone is indicative of culpability." *Garner*, at *2.  But, the Ninth Circuit has clarified that the *Franchise Holding* standard for culpability is "inappropriate where the defaulting party is not represented by counsel or is otherwise not legally sophisticated." *Garner*, at *2 (citing *United States. v. Signed Pers/Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1093 (9th Cir. 2010)).  In other words, the Ninth Circuit in *Mesle* limited the application of the *Franchise Holding* standard, and held that, with a sophisticated

**MEMORANDUM DECISION AND ORDER - 6**

party, "an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id.*

In *Mesle*, the Court explained that the term "intentionally" means that "a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092. A defendant's conduct is culpable when there is "no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* "Simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.* (citing *TCI Grp.*, 244 F.3d at 696-97 and *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)).

Here, the Court declines to find that Defendants are a legally sophisticated party. Plaintiffs argue that, because Defendant Engman has been a named defendant in thirty civil litigation cases in Idaho state court—with twelve of those cases resulting in a default judgment—Defendants should be held to a higher standard than the average layperson. (Dkt. 45 at 7.) However, it is sufficient for the Court to observe that Defendant Engman is not a lawyer, and that Defendants were unrepresented at the time of the default. Accordingly, the proper standard to apply is that of *TCI Group*.

Applying *TCI Group*, the Court finds Defendants' conduct was not clearly culpable.  Here, despite the delay in complying with the Court's order to obtain new counsel or indicate self-representation within twenty-one days, Defendants have put forth facts supporting their contention that Defendant Engman did not act in bad faith. Namely, Defendant Engman states under oath that he was unaware that Mollerup's withdrawal would "start the clock for [Defendants] to obtain new counsel," and that he did not receive the Court's order,[2] and does not recall being told that failure to obtain new counsel would result in entry of default.  Decl. Gary Engman Supp. Mot. Set Aside Default (Dkt. 42-2, ¶ 5.)  Like in *Mesle*, Defendant Engman's failure to obtain new counsel in compliance with the Court's order is demonstrative of behavior typical of a layperson acting without the representation of a lawyer.  Accordingly, the Court finds that Defendants' failure to obtain new counsel due to "unfamiliarity with [the] process" should not be considered culpable conduct.

## 2. Defendants have a meritorious defense.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.  But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy."  *See TCI Grp.*, 244 F.3d at 700 (citations omitted).  All that is necessary to satisfy the "meritorious defense" factor is to allege sufficient fact that, if true, would constitute a defense: "the question whether the factual

---

[2] Also, Defendants point to the several "undeliverable" notices in the docket.  (Dkts. 30, 31, 36.)

allegation [i]s true" is not determined by the Court when it decides the motion to set aside default. *Id.* Rather, that question "would be the subject of the later litigation." *Id.*

Defendants satisfy the meritorious defense factor here. Defendants indicate that they intend to rely on substantive denials outline in their Answer to Plaintiff's Complaint, as well as the ten affirmative defenses pled. (Dkt. 7.) Defendants maintain a good faith belief that "the work Plaintiffs claim was not done, and the defects in the property that the Plaintiffs now assert, either (a) were not set forth in the Real Estate Purchase and Sale Agreement, (b) were subject to the 'as-is condition' clause of the Purchase and Sale Agreement, (c) were not contractual obligation of Defendants at all, or (d) are not simply true or consistent with how Defendants left the property when they turned it over to Plaintiffs." (Dkt. 42-1 at 5.) Specifically, Defendants contend that Plaintiffs took possession of the property after two inspections; that Defendants completed the work identified in Section 16 of the Real Estate Purchase and Sale Agreement; that the alleged issues with the property were not referenced in the Real Estate Purchase and Sale Agreement; and that some of the alleged issues did not exist when Defendants sold the property. Decl. Engman (Dkt. 42-2, ¶¶ 11-14.) Overall, Defendants have set forth facts establishing defenses to the issues of breach, causation, and damages. Accordingly, this factor supports setting aside default.

### 3.   **Plaintiffs would not be prejudiced by setting aside default.**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying the resolution of the case" or "being forced to litigate on the merits."

*TCI Grp.*, 244 F.3d at 701.  Rather, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Plaintiffs assert that they suffered prejudice because they have "incurred significant expense and counsel has expended significant time preparing for the Engman deposition and for the evidentiary hearing on default."  (Dkt. 45 at 13.)  However, Plaintiffs' assertions do not identify the type of prejudice that impacts their ability to pursue their claims.  As Defendants note, "mere delay in the resolution of the case is not the type of 'prejudice' that warrants the severity of a default judgment."  *See TCI Grp.*, 244 F.3d at 701.  Here, Plaintiffs do not argue that setting aside the entry of default will impact their ability to pursue their claims, beyond delaying the resolution of the action.  Accordingly, this factor supports setting aside default.

## CONCLUSION

In light of the foregoing discussion, the Court finds good cause exists to set aside the entry of default.  Therefore, the Court will grant Defendants' motion.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Set Aside Default (Dkt. 42) is GRANTED.

2) Plaintiffs' Motion for Default Judgment (Dkt. 28) is deemed MOOT.

3) The Court will conduct a telephonic status conference to discuss the previously Court ordered deadlines set forth in the Scheduling Order.  (Dkt. 14.)  The parties

are directed to meet and confer and to submit a stipulation to a modified litigation plan in advance.  A separate notice of hearing is forthcoming.

DATED: May 23, 2023

Honorable Candy W. Dale
United States Magistrate Judge