UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERARD J. HART, solely in his capacity as Trustee of the GERARD AND HEATHER HART LIVING TRUST dated February 28, 2014, and HEATHER ANN HART, solely in her capacity as Trustee of GERARD AND HEATHER HART LIVING TRUST dated February 28, 2014<br><br>Plaintiffs,<br><br>v.<br><br>LEGENDS DEVELOPMENT COMPANY, a Wyoming corporation, and GARY J. ENGMAN, an individual,<br><br>Defendants. | Case No.    1:22-cv-00323-CWD<br><br>**MEMORANDUM DECISION AND ORDER (RE: DKT. 62)** |

## INTRODUCTION

Before the Court is Defendants' Motion to Set Aside Default. (Dkt. 62.) The parties have fully briefed the motion and it is ripe for the Court's consideration.[1] Having reviewed the record herein, the Court finds the facts and legal arguments are adequately

---

[1] On October 23, 2023, after the present motion was ripe, Plaintiffs filed a supplemental affidavit in opposition to Defendants' Motion to Set Aside Default. (Dkt. 68.) On October 27, 2023, Defendants filed their Motion to Strike Plaintiffs' Affidavit and their memorandum in support of the motion. (Dkt. 69, 70.) Given the Court did not consider the supplemental affidavit, the Court will deny Defendants' Motion to Strike as moot.

MEMORANDUM DECISION AND ORDER - 1

presented in the briefs. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be aided by oral argument, the motion will be decided on the record presently before the Court. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court will deny Defendants' motion.

## BACKGROUND

Plaintiffs Gerard J. Hart and Heather Ann Hart, solely and in each of their capacity as Trustee of the Gerard and Heather Hart Living Trust (jointly, "Plaintiffs"), filed this action on June 28, 2022, in the District Court of the Fifth Judicial District of the State of Idaho, in and for Blaine County, alleging breach of contract, breach of implied covenant of good faith and fair dealing, violation of the Idaho Property Condition Disclosure Act, (Idaho Code § 55-2502, *et seq*), violation of the Idaho Consumer Protection Act, (Idaho Code § 48-603(17)), fraud, and recission. (Dkt. 1-1.)

Legends Development Corporation and Gary Engman (jointly, "Defendants") were served the Summons and Complaint on July 1, 2022. (Dkt. 1-4.) On July 29, 2022, Defendants removed the action to this Court, with Samuel Linnet appearing on Defendants' behalf. (Dkt. 1-6.) Shortly thereafter, on August 5, 2022, Defendants filed their answer to Plaintiffs' complaint.

On August 29, 2022, Mr. Linnet filed a motion to withdraw as attorney for Defendants. (Dkt. 9.) On September 6, 2022, attorney Bren Mollerup filed a notice of substitution and entered an appearance on behalf of Defendants. (Dkt. 10.) On September 8, 2022, the Court granted the motion to withdraw, pursuant to the notice of

substitution.  (Dkt. 13.)  Thereafter, the parties exchanged their initial disclosures.  (Dkts. 18, 19.)  On December 5, 2022, Plaintiffs served their notice of video deposition of Gary Engman on Defendants' counsel, scheduled for December 29, 2022.  (Dkt. 20.)

On December 15, 2022, Mr. Mollerup filed a motion to withdraw as attorney for Defendants.  (Dkt. 22.)  On December 21, 2022, the Court granted the motion to withdraw and ordered Defendants to, within twenty-one days after the withdrawing attorney advised the Court that the withdrawal order been served on Defendants, advise the Court in writing as to what manner Defendants would be represented.  (Dkt. 23.)  On December 27, 2022, Mr. Mollerup filed an affidavit of service, stating that, on December 22, 2022, his office sent to Defendants a copy of the Court's order for withdrawal by email, regular mail, and certified mail return receipt requested.  (Dkt. 24.)[2]

On January 18, 2023, Plaintiffs filed a motion for entry of default, given the twenty-one-day period elapsed without Defendants filing as to their representation.  (Dkt. 26.)  On January 19, 2023, the Clerk entered default.  (Dkt. 27.)  On January 25, 2023, Plaintiffs filed a motion for default judgment.  (Dkt. 28.)  The Court scheduled an evidentiary hearing on the motion for March 8, 2023.  (Dkt. 32.)

On March 6, 2023, Thomas Lloyd III filed a notice of appearance on behalf of Defendants.  (Dkt. 37.)  The parties also stipulated to continue the evidentiary hearing on the motion for default judgment.  (Dkt. 39.)  On March 10, 2023, Defendants filed their

---

[2] The record does not include any indication of whether these notices were received by Defendants.

**MEMORANDUM DECISION AND ORDER - 3**

first motion seeking to set aside default. (Dkt. 42.) On May 23, 2023, the Court entered its Memorandum Decision and Order granting Defendants' motion.

Shortly after submitting a stipulated modified litigation plan, Mr. Lloyd filed a motion to withdraw as attorney for Defendants on June 26, 2023. (Dkt. 54.) On June 27, 2023, the Court granted the motion to withdraw and ordered Defendants to, within twenty-one days after the withdrawing attorney advised the Court that the withdrawal order been served on Defendants, advise the Court in writing as to what manner Defendants would be represented. (Dkt. 56.) On June 28, 2023, Mr. Lloyd filed an affidavit of service, stating that, on June 28, 2023, his office sent to Defendants a copy of the Court's order for withdrawal by email, regular mail, and certified mail return receipt requested. (Dkt. 58.)[3]

On July 20, 2023, Plaintiffs filed a second motion for entry of default, given the twenty-one-day period had elapsed without Defendants filing as to their representation. (Dkt. 59.) On July 26, 2023, the Clerk entered default. (Dkt. 60.)

On August 9, 2023, Andrew Jenkins filed a notice of appearance on behalf of Defendants. (Dkt. 61.) On August 29, 2023, Defendants filed the present motion seeking to set aside default.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Courts have broad discretion in deciding whether to

---

[3] The record does not include any indication of whether these notices were received by Defendants.

vacate an entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 782 F.2d 941, 345 (9th Cir. 1986); *Ricotta v. California*, 4 F. Supp. 961, 988 (S.D. Cal. 1998). In assessing whether good cause exists, the Court considers three factors:

> (1) whether [defendant] engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [plaintiff]. As these factors are disjunctive, the district court [is] free to deny the motion 'if any of the three factors [is] true.'

*Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)); *see also In re Hammer*, 940 F.2d 254, 525-26 (9th Cir. 1991) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

It is Defendants' burden to establish that good cause to vacate the entry of default exists. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled in part on other ground by Egelhoff v. Egelhoff ex rel. Breiner*. 532 U.S. 141, 149 (2001). The Ninth Circuit has held that "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II*, 375 F.3d at 925 (citing *TCI Grp.*, 244 F.3d at 696).

The Court "should apply the factors more liberally" when assessing a motion to set aside an entry of default rather than a motion to set aside default judgment. *Page v. Banks*, No. 07cv2254 JM(BLM), 2008 WL 2037763, at *2 (S.D. Cal. May 12, 2008) (citing *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)).

**MEMORANDUM DECISION AND ORDER - 5**

Ultimately, there is a strong preference for deciding cases on the merits, and therefore any doubts should be resolved in favor of setting aside the default. *Direct Mail Specialists v. Eclat Computerized Techs.*, 840 F.2d 685, 690 (9th Cir. 1988).

## DISCUSSION

Defendants contend that good cause exists to set aside the Clerk's entry of default, because each of the relevant "good cause" factors are satisfied." (Dkt. 62-1 at 3-4.) The Court will address these factors below. [4]

1. **Defendants engaged in culpable conduct.**

First, Defendants argue that they did not engage in culpable conduct, because they engaged in no bad faith conduct when they failed to obtain new counsel within the ordered time. (Dkt. 62-1 at 3.) Plaintiffs counter that Defendants have not provided a credible or good faith "explanation for the delay in securing new counsel." (Dkt. 63 at 7.)

As the Court previously recognized, there are two lines of caselaw in the Ninth Circuit as to the correct standard for evaluating the "culpable conduct" factor. According to the *TCI Group* standard, "a defendant is culpable if he has received actual or constructive notice of filing the action and intentionally failed to answer." *Garner v. Wells Fargo Home Mortg., Inc.*, No. 1:10-CV-266-BLW, 2011 WL 241384, at *2 (D.

---

[4] In its prior decision, the Court found that Defendants had met their low burden of asserting a meritorious defense. (Dkt. 49 at 8-9.) The evidence in the record underlying this factor has not changed since the Court's previous decision. Therefore, the analysis would be unchanged, and the Court would again find that Defendants met their burden in demonstrating the existence of a meritorious defense. With its conclusion, however, the Court did not and will not rule on the success of their defense. Thus, the Court will not address this factor here.

Idaho June 9, 2011) (quoting *TCI Grp.*, 244 F.3d at 697) (9th Cir. 2001)). *TCI Group* indicates that "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process" is not intentional and should not necessarily be considered culpable conduct." *Garner*, at *2 (quoting *TCI Grp.*, 244 F.3d at 697-98). Rather, a defendant's conduct should be deemed culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond. *Garner*, at *2 (quoting *TCI Grp.*, 244 F.3d at 698).

Applying *TCI Group*,[5] the Court finds Defendants' conduct was culpable. Although Defendants argue that they did not engage in bad faith conduct, because the additional twenty-two days following the Court's deadline to obtain new counsel was reasonable (Dkt. 62-1 at 3-4), Defendants' repeated failures to obtain new counsel in compliance with the Court's orders amounts to a willful and bad faith failure to respond. Namely, although Defendant Engman states under oath that he began seeking new representation following the Court's order on June 27, 2023, and could not find and secure "competent counsel" until August 9, 2023, the Court is left with little to no meaningful explanation for the delay. Decl. Gary Engman Supp. Mot. Set Aside Default (Dkt. 62-2, ¶¶ 3-4.)

---

[5] In its prior decision granting Defendants' Motion to Set Aside Default, the Court found that Defendants were not a legally sophisticated entity and applied the *TCI Group* standard. (Dkt. 49 at 7.) The Court will incorporate the same finding here and will apply the *TCI Group* standard to the facts relevant to the present motion.

**MEMORANDUM DECISION AND ORDER - 7**

Unlike in *Mesle* and the circumstances before the Court in its previous decision, Defendant Engman's repeated failures to obtain new counsel cannot be equated to a layperson's "unfamiliarity with [the] process." Rather, the Court only recently set aside the Clerk's first entry of default on May 23, 2023, and in less than three months, Defendants again failed to appear in the same exact fashion. Allowing Defendants' noncompliance with Court orders to be construed as a layperson's "unfamiliarity" would be a gross extension of what is permitted under the *TCI Group* standard. Here, Defendants were on notice that failure to appear on their own behalf or through newly appointed counsel within twenty-one days would be sufficient grounds for the entry of default—as had been the case with two previous withdrawals of counsel. (Dkt. 56 at 2.) Instead of complying with the Court's order a second time around, Defendants delayed without a meaningful explanation to the Court. Accordingly, the Court finds that Defendants' repeated failures to obtain new counsel in compliance with the Court's order constituted culpable conduct.

**2. Plaintiffs would be prejudiced by setting aside default.**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying the resolution of the case" or "being forced to litigate on the merits." *TCI Grp.*, 244 F.3d at 701. Rather, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Plaintiffs assert that they suffered prejudice because, in addition to Plaintiffs incurring substantial costs due to Defendants' "general avoidance of this case," they have

"suffered prejudice [by] the undue delay in adjudicating their rights under the purchase and sale agreement and inability recoup the damages that they are entitled to." (Dkt. 63 at 9.) The Court agrees. Although "mere delay in the resolution of the case is not the type of 'prejudice' that warrants the severity of a default judgment," the Defendants' repeated failures to comply with the Court's order extend beyond "mere delay." *See TCI Grp.*, 244 F.3d at 701. The procedural background here demonstrates that Defendants' repeated failures to comply with the Court's orders, since the inception of the case more than one year ago, have delayed Plaintiffs from obtaining and presenting evidence on the merits of their claims. Rather, the extent of the parties' litigation and the Court's review of such has been focused on Defendants' conduct. Therefore, Plaintiff's ability to pursue their claims has been hindered by Defendants' repeated failures.

## CONCLUSION

In light of the foregoing discussion, the Court does not find good cause to set aside the entry of default against Defendants. Therefore, the Court will deny Defendants' motion.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Set Aside Default (Dkt. 62) is DENIED.

2) Defendants' Motion to Strike (Dkt. 69) is DENIED AS MOOT.

DATED: October 31, 2023



Honorable Candy W. Dale
United States Magistrate Judge