UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERARD J. HART, solely in his capacity as Trustee of the GERARD AND HEATHER HART LIVING TRUST dated February 28, 2014, and HEATHER ANN HART, solely in her capacity as Trustee of the GERARD AND HEATHER HART LIVING TRUST dated February 28, 2014,<br><br>           Plaintiffs,<br><br>v.<br><br>LEGENDS DEVELOPMENT COMPANY, a Wyoming corporation; and GARY J. ENGMAN, an individual,<br><br>           Defendants. | Case No. 1:22-cv-00323-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is the Plaintiffs' motion for costs and fees. (Dkt. 93.) The motion is ripe for the Court's consideration.[1] The Court has determined that the matters before it are suitable for disposition without a hearing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(ii). After

---

[1] The undersigned Magistrate Judge has jurisdiction to preside over this matter by virtue of all parties' express written consent. 28 U.S.C. § 636(c)(1); D. Idaho L. Civil R. 72.1(a)(1) (authorization to decide civil cases with the parties' consent); (Dkt. 16).

**MEMORANDUM DECISION AND ORDER - 1**

careful consideration, and for the reasons discussed below, the Court will grant Plaintiffs' motion in part.

## BACKGROUND

Following the Clerk's entry of default against Defendants, the Court conducted an evidentiary hearing on Plaintiffs' motion for default judgment on August 7, 2024. (Dkt. 89.) The Court issued findings of fact and conclusions of law on August 27, 2024, setting forth both the procedural background and factual findings in detail. Accordingly, the Court will not repeat a factual recitation here. (Dkt. 91.)

On August 27, 2024, the Court entered judgment in the amount of $141,370.65 in favor of Plaintiffs and against Defendant Legends Development Company on Plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair dealing. (Dkt. 91, 92.) The Court also determined that Plaintiffs were entitled to an award of reasonable attorney fees and costs, and directed Plaintiffs to file a motion pursuant to Fed. R. Civ. P. 54. (Dkt. 91.) That motion was filed on September 10, 2024. (Dkt. 93.)

Plaintiffs seek an award of $91,315.50 in attorney fees[2] for work performed through September 10, 2024, claiming that this sum represents a reasonable fee. (Dkt. 93-2 at 3.)

---

[2] Plaintiffs submitted a separate bill of costs seeking reimbursement of $2,128.74. (Dkt. 96.) The Clerk taxed costs in the amount of $328.74. (Dkt. 98.) The Clerk approved $228.74 claimed for the state court filing fee, and $100.00 for copies of exhibits. The Clerk did not allow $1,800.00 claimed for the cost of hiring a private investigator, who was employed to locate Defendants to effect service of the summons and complaint. Plaintiffs did not seek retaxing by the Court.

**MEMORANDUM DECISION AND ORDER - 2**

## DISCUSSION

The Court previously determined Plaintiffs, as the prevailing parties, were entitled to an award of reasonable attorney fees pursuant to Idaho Code § 12-120(3), the terms of the parties' purchase and sale agreement, and Idaho Code § 12-121. (Dkt. 91.) Having determined that the above provisions apply, the Court must now review whether the requested attorney fees are reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 & n. 5 (9th Cir. 1987) (explaining method to arrive at "lodestar" figure). In determining a reasonable fee award, the Court considers both the "experience, skill and reputation of the attorney requesting fees," as well as "the prevailing market rates in the relevant community." *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996). *See also Blum v. Stenson*, 465 U.S. 886, 895, (1984). The "fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Multnomah County*, 815 F.2d at 1262.

Idaho law governs the award of attorney fees in this matter because federal courts must follow state law as to attorney fees in diversity actions. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir.1978) (applying Idaho law); *Kayser v. McClary*, 875 F. Supp. 2d 1167, 1183 (D. Idaho 2012), *aff'd*, 544 F. App'x 726 (9th Cir. 2013). What constitutes a reasonable fee is a discretionary determination for the trial court, to be

**MEMORANDUM DECISION AND ORDER  - 3**

guided by the criteria of Idaho Rule of Civil Procedure 54(e)(3). *See Sanders v. Lankford*, 1 P.3d 823 (Idaho Ct. App. 2000) (citing *Kelly v. Hodges*, 811 P.2d 48, 52 (Idaho Ct.App.1991)). "The factors of Rule 54(e)(3) include: time and labor; difficulty; skill required; prevailing charges; fixed or contingent fee; time limitations; amount and result; undesirability of the case; relationship with the client; awards in similar cases; costs of automated research; and any other factors." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 86 P.3d 475, 483 (Idaho 2004). The Court may not single out or give undue weight to any one factor to the exclusion of the other factors in Rule 54(e)(3). *See id.* (citing *DeWils Interiors, Inc. v. Dines*, 678 P.2d 80, 82 (Idaho Ct. App. 1984)).

Plaintiffs seek $88,300.50 in attorney fees up through August 13, 2024, and an additional $3,015.00 in attorney fees incurred between August 26, 2024, and September 10, 2024, for a total fee award of $91,315.50. The Court notes, however, that Plaintiff's counsel did not submit any billing records to substantiate the additional $3,015.00 requested for the time period following August 13, 2024. Accordingly, the request for these fees will be denied, pending submission of additional billing records. Dist. Idaho Loc. Civ. R. 54.2(b) (requiring affidavit of counsel setting forth the dates, services rendered, hourly rate, and hours expended); *see also BECO Const. Co. v. J-U-B Engineers Inc.*, 233 P.3d 1216, 1220 (Idaho 2010), *overruled on other grounds by Keybank Nat'l Ass'n v. PAL I, LLC*, 311 P.3d 299 (Idaho 2013) (holding that the Court may award reasonable attorney fees incurred in connection with the effort to secure a reasonable amount of attorney fees.).

Turning to the request for $88,300.50 in attorney fees, the Court finds that the amount requested is reasonable under the circumstances here. Plaintiffs agreed to pay counsel at their hourly rates as follows:

| Edward Lawson[3] | $475/hour | 49 years of experience |
|---|---|---|
| Jared Kimball[4] | $315/hour | 28 years of experience |
| Katie Franklin[5] | $275/hour | 9 years of experience |

The attorneys' hourly rates are commensurate with the prevailing rates in the District of Idaho for attorneys with reasonably comparable skill, experience, and reputation in the relevant market. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); s*ee also Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997). In reviewing counsels' hourly rates, the Court relied, in part, on its own knowledge and experience. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). The Court also reviewed recent attorney fee requests and orders pertaining to attorney fee awards. *See, e.g., Nw. Bank v. Unifire, Inc.*, No. 1:23-CV-00077-CWD, 2023 WL 8188362, at *3 (D. Idaho Nov. 27, 2023) (Senior partner $400.00; Junior Partner $325.00; Associate $265.00); *Campbell v. Union Pac. R.R. Co.*, No. 4:18-cv-00522-BLW, 2022 WL 43878, at *4 (D. Idaho Jan. 4, 2022) (Senior Partner and Partner $325; Senior and Junior associates $250; legal professionals $120); *Shepler v. Reliance Std. Life Ins. Co.*, No. 2:21-cv-00299-CWD, (D. Idaho June

---

[3] Mr. Lawson's rate was $425.00 in 2022, $450.00 in 2023, and $475.00 in 2024.
[4] Mr. Kimball's rate was $300.00 in 2022, and $315.00 in 2023. He left the firm in April of 2023, at which point Ms. Franklin became the primary attorney.
[5] Ms. Franklin's rate was $230.00 in 2022, $255.00 in 2023, and $275 in 2024.

**MEMORANDUM DECISION AND ORDER - 5**

13, 2023) (Mem. Decision and Order, Dkt. 61) (Senior Partner $350 - $425; Junior Partner $350; Associate $265; paralegal $135); Mot. for Attorney Fees, (Dkt. 124), *Ivanov v. Fitness Elite Training Center, Inc.*, No. 1:20-cv-00380-CWD, (D. Idaho Oct. 20, 2023) (Senior Partner $400; Junior Partner $325; and Paralegal $175 requested).

While the issues presented by this case were not particularly complex, Defendants' conduct caused needless litigation and duplication of effort. Defendants' conduct led to the withdrawal of four different law firms. (Dkt. 13, 23, 56, 76, 84.) These withdrawals caused serial motion practice to ensue concerning the clerk's entry of default following Defendants' failure to timely obtain new counsel, until the Court denied Defendants' second motion to set aside default on October 31, 2023. (Dkt. 26, 28, 32, 38, 39, 42, 49, 59, 71.) The Court found Defendants had engaged in culpable conduct due to their repeated failures to obtain new counsel in compliance with the Court's orders. (Dkt. 71.)

Defendants' conduct also caused unnecessary delay, which increased the time spent on this matter. In addition, the withdrawal of counsel caused the Court to reset the evidentiary hearing, in turn causing Plaintiffs' counsel to needlessly prepare a second time for a hearing that was ultimately rescheduled. (Dkt. 77, 78, 82.) Thus, it is obvious that a considerable amount of the attorneys' time correlated to Defendants' dilatory behavior throughout this case.

A review of the billing records indicates that the three lawyers working on behalf of the Plaintiffs appropriately staffed the case. For instance, Ms. Franklin, as the junior lawyer, performed tasks commensurate with her experience level, as did Mr. Kimball. Mr. Lawson's involvement appears to have been limited to reviewing discrete matters

filed by the junior lawyers, and singularly representing the Plaintiffs at the evidentiary hearing conducted on August 7, 2024.

While Plaintiffs initially sought much more in damages than they were awarded, they still prevailed over the course of protracted litigation made more so by Defendants' conduct. Pointedly, the Court found Defendants had no meritorious defense to Plaintiffs' breach of contract claim, and the amount of damages attributable to this claim was set forth in the parties' agreement. Yet, to obtain a judgment award, Plaintiffs had to first proceed to an evidentiary hearing. Thus, while the amount of attorney fees may initially appear high in relation to the damages sought and the straightforward nature of the breach of contract claim, Defendants' conduct needlessly increased the time spent on obtaining an award of these damages.

In sum, the Court finds Plaintiffs are entitled to $88,300.50 in attorney fees for time spent up through August 13, 2024. The Court finds this amount to be consistent with the reasonable rates in a case of this nature, appropriately and necessarily incurred, and in line with the rates prevailing in the community.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Costs and Fees (Dkt. 93) is **GRANTED IN PART AND DENIED IN PART**. The Judgment will be amended to reflect an award of $88,300.50 in attorney fees.

Dated: **November 26, 2024**

Candy W. Dale
United States Magistrate Judge